USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 2 1 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shujat Ali,

        Petitioner,

–v–

Carl DuBois *et al.*,

        Respondents.

16-cv-3190 (AJN)

ORDER ADOPTING REPORT AND RECOMMENDATION

ALISON J. NATHAN, District Judge:

    Petitioner Shujat Ali, a noncitizen with no legal status in the United States, filed a habeas petition pursuant to 28 U.S.C. § 2241, seeking an order directing respondents to either release him from custody or conduct a bail hearing. Dkt No. 1. Before the Court is Magistrate Judge Pitman's February 17, 2017 amended Report and Recommendation recommending that the petition be dismissed without prejudice to renewal if Ali was not removed by March 15, 2017. Dkt No. 17.

    Despite notification of the right to object to the Report & Recommendation, no objections were filed, and the time to do so has passed. *See* Dkt No. 17; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When no objection is made, the Court reviews a report and recommendation for clear error. *See Martinez-Cisneros v. Hufford*, No. 13 Civ. 6888(AT)(JCF), 2014 WL 3854077, at *1 (S.D.N.Y. Aug, 5, 2014) (citing *Dunham v. City of New York*, 11 Civ 1223, 2013 WL 929029, at *1 (S.D.N.Y. Mar. 11, 2013)). The Court finds no clear error. Accordingly, the Court ADOPTS Magistrate Judge Pitman's Report & Recommendation in its entirety. Petitioner's petition is DENIED without prejudice to renewal if Ali was not removed by March 15, 2017.

1

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: April 21, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

SHUJAT ALI,                          :

                Petitioner,          :    16 Civ. 3190 (AJN)(HBP)

     -against-                       :    AMENDED REPORT
                                          AND RECOMMENDATION[1]
CARL DUBOIS, et al.,                 :

                Respondents.         :

-------------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE ALISON J. NATHAN, United States District Judge,

I. Introduction

Petitioner, an alien with no legal status in the United States, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, directing respondents either to release him from custody or to conduct a bail hearing. For the reasons set forth below, I respectfully recommend that the petition be denied.

---

[1] This Report and Recommendation supersedes the Report and Recommendation I issued in this matter on February 15, 2017.

II.  Facts

The facts giving rise to this action are not in substantial dispute.

Ali is a native and citizen of Pakistan. In 1990, he entered the United States illegally. In 1995, an Immigration Judge ordered that Ali be deported, and that order was carried out. Nevertheless, Ali entered the United States a second time and was re-deported pursuant to the 1995 order on or about June 26, 2002.

On August 30, 2014, Ali applied for admission to the United States at the Bridge of the Americas in El Paso, Texas. United States Customs and Border Patrol personnel immediately took Ali into custody, and Ali has been detained since that time. Upon being taken into custody, Ali expressed a fear of persecution or torture in Pakistan, and an asylum officer found the fear to be credible. Customs and Border Patrol personnel subsequently issued Ali a Notice to Appear that alleged that Ali was inadmis-

sible pursuant to Section 212(a)(7)(A)(i)(I)[2] of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Removal proceedings against Ali were commenced in El Paso in October 2014. On Ali's motion, the proceedings were transferred to New York, New York because Ali had been able to retain counsel here. Ali contested removal and sought asylum pursuant to INA Section 241(b)(3), 8 U.S.C. § 1231(b)(3)[3] and the Convention against Torture. The Immigration Judge heard testi-

---

[2] Section 212(a)(7)(A)(i)(I) provides:

> Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission
>
> > (I) who is not in possession of a valid unexpired visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under Section 1181(a) of this title . . .
>
> \*   \*   \*
>
> is inadmissible.

[3] Section 241(b)(3) provides in pertinent part:

> Notwithstanding [other provisions of this Section providing for removal], the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.

3

mony from Ali on November 13, 2015 and January 12, 2016 and issued a 12-page decision on March 9, 2016 in which he found Ali's testimony concerning his fear of persecution in Pakistan to be incredible and denied Ali's request for asylum or relief from removal and ordered that Ali be removed from the United States.

Petitioner commenced this action on April 20, 2016.[4]

Notwithstanding the 30-day time limit applicable to appeals from decisions of Immigration Judges, 8 C.F.R. § 1003.38(b), Ali filed an appeal from the Immigration Judge's March 9 decision on May 2, 2016. The Board of Immigration Appeals ("BIA") rejected the appeal because (1) it was not accompanied by either the filing fee or an application that the filing fee be waived and (2) the appeal was not in the correct form. Ali filed a second appeal on May 23, 2016. Notwithstanding the untimeliness of Ali's appeal, the BIA assumed jurisdiction over the untimely appeal by certification[5] and issued a

---

[4]The Clerk's Office actually received and docketed the petition on April 29, 2016. However, because petitioner was detained at the time the action was commenced, I deem the filing date to be the date the petition was executed and, presumably, delivered to prison authorities for mailing. Walker v. Jastremski, 430 F.3d 560, 562 (2d Cir. 2005); Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), modified on other grounds, 25 F.3d 81 (2d Cir. 1994).

[5]The BIA has the discretion to entertain appeals that are otherwise untimely by a process called certification. 8 C.F.R. § 1003.1(c). The decision to accept an appeal by certification is
(continued...)

4

decision on September 15, 2016 rejecting Ali's appeal on the merits and affirming the decision of the Immigration Judge.

In his pending petition for a writ of habeas corpus, Ali claims that his protracted detention violates both the INA and the Due Process Clause of the Fifth Amendment. Specifically, Ali claims:

> Section 241 of the Immigration and Nationality Act permits the detention of alien[s] with a final order of removal for a period of 90 days[.] Beyond the statutory period, the Supreme Court has held that six months is a presumptively reasonable period of detention for the government to effect removal. Zadvydas v. Savis, 533 U.S. 678, 701 (2001). Once six months have passed, the alien must be released if there is no reasonable likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 699-700. In this case, ICE detained petitioner for more than six months since the issuance of his detention order for removal.

(Petition for Writ of Habeas Corpus, dated Apr. 20, 2016 (Docket Item ("D.I.") 2) ¶ 24).

III. Analysis

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that six months of detention, following the entry of a final order of removal, is presumptively constitu-

---

[5] (...continued)
committed to the discretion of the BIA. See generally Vela-Estrada v. Lynch, 817 F.3d 69 (2d Cir. 2016), cert. denied, 137 S. Ct. 301 (2016).

tional. The outcome of this case turns on the point in time from which the six-month period is measured.

Section 241(a)(1)(A) of the INA, 8 U.S.C. § 1231(a)(1)(A), provides that when an alien is ordered removed, the Attorney General shall remove the individual from the United States within 90 days; this 90-day period is referred to in the statute as "the removal period." Section 241(a)(1)(B) of the INA, 8 U.S.C. § 1231(a)(1)(B), provides that the removal period commences upon the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Section 241(a)(2), 8 U.S.C. § 1231(a)(2) further provides that:

> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

Detention during the 90-day removal period is mandatory. Zadvydas v. Davis, supra, 533 U.S. at 683 ("After entry of a final removal order and during the 90-day removal period . . .

6

aliens must be held in custody."). Inadmissible aliens, such as Ali, may be detained beyond the 90-day removal period. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).

Respondents initially took the position that Ali's order of removal became final on April 10, 2016, when the time to appeal from the Immigration Judge's decision expired, notwithstanding Ali's untimely appeal to the BIA (Respondents's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus, dated July 15, 2016 (Docket Item ("D.I.") 8 at 3 n.1). After the BIA issued its September 15, 2016 decision affirming the decision of the Immigration Judge, respondents took the position that the BIA's decision restarted the six-month period endorsed in Zadvydas as of the date of the BIA's decision (Letter from Assistant United States Attorney Brandon M. Waterman to the undersigned, dated Sept. 22, 2106 (D.I. 13) at 1-2). Respondents' view appears to be correct. See Garcia v. Heron, 09-CV-416 (MAT), 2009 WL 3231924 at *3 (W.D.N.Y. Oct. 1, 2009); accord Zheng v. Decker, 14 Civ. 4663 (MHD), 2013 WL 7190993 at *8-*9 (S.D.N.Y. Dec. 12, 2014) (Dolinger, M.J.), aff'd, 618 F. App'x 26 (2d Cir. 2015) (summary order); see also INA § 101(a)(47)(B)(i),

8 U.S.C. § 1101(a)(47)(B)(i)[6]; 8 C.F.R. § 1241.1(d). Ali does not take issue with this aspect of the respondents' arguments.

Assuming that the correct "finality" date Ali is September 15, 2016, Ali's detention for six months past this finality date -- or until March 15, 2017 -- is presumptively reasonable, regardless of whether Ali is subject to removal as an inadmissible alien or as a previously admitted alien. Clark v. Martinez, 543 U.S. 371, 378 (2005) (inadmissible aliens); Zadvydas v. Davis, supra, 533 U.S. at 699-702 (admitted aliens). Thus, Ali is not entitled to any relief at this time.

Ali notes that he has been in detention since he attempted to enter the United States in 2014 and appears to be claiming that his right to be released or for a bail hearing is triggered by that lengthy period of detention. Prior to the entry of an order of removal, an alien is detained pursuant to Section 236 of the INA, 8 U.S.C. § 1226. Indefinite detention under that statute has been held to violate the Due Process Clause of the Fifth Amendment. Lora v. Shanahan, 804 F.3d 601, 606, 613 (2d Cir. 2015), cert. denied, 136 S. Ct. 2494 (2016),

---

[6]Section 101(a)(47) actually refers to an "order of deportation" rather than a removal order. However, "[t]he term 'order of deportation[]' . . . is synonymous with the term 'order of removal.'" Chupina v. Holder, 570 F.3d 99, 104 (2d Cir. 2009) (per curiam)

petition for cert. pending, Docket No. 15-1205 (S. Ct.).[7] However, once an order of removal is entered, an alien's detention is governed by Section 241 of the INA, 8 U.S.C. § 1241. The law is clear that the presumptively reasonable six-month period of detention under that statute runs from the entry of a final order of removal. Li v. Shanahan, 16 Civ. 2351 (PAE)(BCM), 2016 WL 7077110 at *2 (S.D.N.Y. Oct. 25, 2016) (Moses, M.J.) (Report & Recommendation), adopted at, 2016 WL 7106033 (S.D.N.Y. Dec. 5, 2016) (Engelmayer, D.J.); Arias v. Aviles, 15 Civ. 9249 (RA), 2016 WL 3906738 at *3 (S.D.N.Y. July 14, 2016) (Abrams, D.J.), appeal pending, Docket No. 16-3186 (2d Cir.); Irving v. Lynch, No. 15-CV-824, 2016 WL 231381 at *5 (W.D.N.Y. Jan. 19, 2016); Islam v. Philips, No. 14-CV-930-JTC, 2015 WL 1915106 at *5 (W.D.N.Y. Apr. 27, 2015); Young v. Aviles, 99 F. Supp. 3d 443, 454 (S.D.N.Y. 2015) (Furman, D.J.); Rodriguez v. Shanahan, 84 F. Supp. 3d 251, 256 (S.D.N.Y. 2015) (Netburn, M.J.); Zheng v. Decker, 14 Civ. 4663 (MHD), 2014 WL 7190993 at *5 (S.D.N.Y. Dec. 12, 2014) (Dolinger, M.J.), aff'd, 618 F. App'x 26 (2d Cir. 2015) (summary order); Mhina v. Holder, No. 14-CV-316-JTC, 2014 WL 4057433 at *5 (W.D.N.Y. Aug. 14, 2014). The law is equally clear

---

[7] Both sides in Lora petitioned the Supreme Court for a writ of certiorari. The alien's petition has been denied. The government's petition for a writ of certiorari remains pending.

that the entry of a final order of removal and the change in the legal basis for an alien's detention moots any Due Process claim that may have existed with respect to the pre-removal-order period of detention. Xue v. Holder, 354 F. App'x 596, 597 (2d Cir. 2009) (summary order); Abimbola v. Ridge, 181 F. App'x 97, 98 (2d Cir. 2006) (summary order); Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003); Persaud v. Holder, No. 10-CV-6506 (MAT), 2011 WL 5326465 at *2-*3 (W.D.N.Y. Nov. 3, 2011); Hoyte v. Holder, 10 Civ. 3460 (PAC)(JLC), 2010 WL 6350756 at *6 (S.D.N.Y. Oct. 22, 2010) (Cott, M.J.) (Report & Recommendation), adopted at, 2011 WL 1143043 (S.D.N.Y. Mar. 25, 2011) (Crotty, D.J.); Greenland v. INS/ICE Dep't of Homeland Sec. Dist. Dir., 599 F. Supp. 2d 365, 366 (W.D.N.Y. 2009); Chalas-Zapata v. Ashcroft, 305 F. Supp. 2d 333, 337 (S.D.N.Y. 2004) (Stein, D.J.).

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that Ali's petition for a writ of habeas corpus, or in the alternative, a bail hearing be denied in all respects. If my recommendation is adopted, I further recommend that any Order denying the current petition provide that it is without prejudice to a renewed petition for a writ of habeas corpus if Ali is not removed by March 15, 2017.

V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Alison J. Nathan, United States District Judge, 40 Centre Street, Room 2102, New York, New York 10007 and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Nathan. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983) (<u>per curiam</u>).

Dated:  New York, New York
        February 17, 2017

                                Respectfully submitted,

                                HENRY PITMAN
                                United States Magistrate Judge

Copies transmitted to:

Mr. Shujat Ali
No. 070-528-231
Orange County Correctional Facility
110 Wells Farm Road
Goshen, New York  10924

Brandon M. Waterman, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York  10007